IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JAMES D. WARD                                                                                         PLAINTIFF
#0036025

V.                          Case No. 3:23-CV-00188-DPM-BBM

ANTHONY CARTER, APRN-CNP;
and TURN KEY HEALTH CLINICS,
LLC, Medical Provider,
Greene County Detention Facility                                                         DEFENDANTS

## **RECOMMENDED DISPOSITION**

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Marshall may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

I.     **DISCUSSION**

On September 13, 2023, Plaintiff James D. Ward ("Ward"), then a pretrial detainee in custody at the Greene County Detention Facility ("GCDF"), filed a *pro se* Complaint, alleging violations of his constitutional rights. (Doc. 2). After screening the Complaint, the Court allowed Ward to proceed with his Fourteenth Amendment deliberate indifference to serious medical needs claims against Defendants Anthony Carter, ARPN-CNP; and Turn

Key Health Clinics, LLC, Medical Provider, Greene County Detention Facility.[1] (Doc. 4 at 5; Doc. 6).

On May 23, 2024, mail sent to Ward at his address of record was returned as undeliverable with the notation "not here." (Doc. 20). The Court had previously notified Ward of his obligations to maintain a valid mailing address with the Clerk of this Court and to diligently prosecute his case. (Doc. 3 at 1). On May 28, 2024, the Court ordered Ward to file a notice of his current mailing address by June 27, 2024, if he intended to continue pursuing this lawsuit. (Doc. 21 at 1). The Court cautioned Ward that, if he failed to timely and properly comply with the Order, this case may be dismissed without prejudice pursuant to LOCAL RULE 5.5(c)(2). *Id*.

Specifically, under LOCAL RULE 5.5(c)(2), Ward has a duty to: (1) promptly notify the Clerk of any changes in his address; (2) monitor the progress of his case; and (3) prosecute his case diligently. Additionally, LOCAL RULE 5.5(c)(2) provides that, if any communication from the Court to a *pro se* plaintiff, like Ward, is not responded to within 30 days, the case may be dismissed, without prejudice. *Id*.

Ward has not complied with the May 28, 2024 Order, and the time to do so has passed. Mail sent to his address of record is being returned undeliverable with a notation,

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b).

"not here." (Docs. 20, 22). Accordingly, his Complaint and Supplemental Complaint[2] should be dismissed, without prejudice, for failure to prosecute.

## II.   CONCLUSION

IT IS THEREFORE RECOMMENDED THAT:

1.   Ward's Complaint (Doc. 2) and Supplemental Complaint (Doc. 15) be DISMISSED without prejudice for failure to prosecute.

2.   The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any order adopting this Recommended Disposition and the accompanying judgment would not be taken in good faith.

DATED this 19th day of July, 2024.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] Ward's Supplemental Complaint was filed on April 4, 2024 (Doc. 15).